UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACQUELINE R. MANUEL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-CV-03330 |
| | § | |
| OFFICE OF PERSONNEL MANAGEMENT, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jacqueline Manuel brings the present suit to appeal the denial of employment benefits. Pending before the Court is Defendant Office of Personnel Management's ("OPM") Motion for Summary Judgment, (Dkt. No. 31), and Plaintiff Jacqueline R. Manuel's Response, (Dkt. No. 32). After reviewing the Motion, Response, Reply, and applicable law, the Court **GRANTS** Defendant's Motion.

## I.  BACKGROUND[1]

There is a dearth of facts in this appeal of OPM's decision. At base, Plaintiff Jacqueline Manuel is a former employee of the United States Postal Service ("USPS"). (Dkt. No. 31). She alleges that she was injured while working on the job. (Dkt. No. 32 at 1). Due to her injury, Manuel asserts that she was "force[d]" by USPS to retire. (*Id.* at 2). After retiring, Manuel sought USPS's "disability retirement" benefits. (*Id.*). As such,

---

[1] Except where noted, this section contains only undisputed facts which have been construed in the favor of the nonmovant. *See Scott v. Harris*, 550 U.S. 372, 378, 127 S.Ct. 1769, 1774, 167 L.Ed.2d 686 (2007).

Manuel applied for these benefits through OPM. (*Id.* at 10). OPM denied her application. (*Id.*). Per OPM's internal agency procedures, Manuel appealed OPM's initial decision to a review board. (Dkt. No. 1-1 at 2). On April 15, 2022, OPM's review board affirmed the initial board's denial of benefits. (*Id.* at 9).

Manuel now seeks judicial review of OPM's decision. On June 27, 2022, Manuel filed her appeal directly to the Court of Federal Claims, who generally has jurisdiction over judicial review of OPM decisions. (Dkt. No. 1). But a few months later, on September 26, 2022, the Court of Federal Claims transferred Manuel's case to this Court, citing 5 U.S.C. § 7703(b)(2). (Dkt. No. 15 at 2) (per curiam). Now before this Court, Manuel asserts that USPS wrongly terminated her on the account of discrimination and retaliation. (Dkt. No. 1 at 1). Manuel seeks damages for her pain and suffering under the theories of "breach of contract, discriminate disparate treatment, disability discrimination reemployment rights, ADA rights, [and] retaliation." (*Id.*). OPM has moved for summary judgment on Manuel's claims, (Dkt. No. 31).

## II.   LEGAL STANDARD

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A material fact is one that might affect the outcome of the suit under governing law," and "a fact issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Renwick v. PNK Lake Charles, L.L.C.*, 901 F.3d 605, 611 (5th Cir. 2018) (quotations omitted). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion," and identifying

the record evidence "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2253, 91 L.Ed.2d 265 (1986). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).

If the movant meets this burden, the nonmovant must then come forward with specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The nonmovant must "go beyond the pleadings and by [the nonmovant's] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Nola Spice Designs, LLC v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015). "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 378 (5th Cir. 2019). The nonmovant's burden "will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (quoting *Little*, 37 F.3d at 1075). But the district court must view the evidence in the light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

### III. DISCUSSION

In its Motion, OPM advances two arguments seeking dismissal of Manuel's petition. (*See generally* Dkt. No. 31). First, OPM argues that the claim preclusion doctrine

estops Manuel from relitigating her petition in this Court. (*Id.* at 3–5). Second, OPM argues that this Court lacks jurisdiction to hear Manuel's petition. (*Id.* at 5–6). The Court will address only the second of these two arguments—jurisdiction.

In seeking summary judgment, OPM advances a relatively simple jurisdictional argument. (*Id.* at 5–6). OPM argues that federal law, specifically 5 U.S.C. § 7703(b)(1)(A), imposes a statutory 60-day deadline for a plaintiff to file their petition in court after the board issues a decision. (*Id.* at 5). OPM argues that Manuel filed her appeal on June 15, 2022, which is 61 days after the board issued its decision and one day after her filing deadline had passed. (*Id.* at 6). Manuel does not respond to this argument. (*See* Dkt. No. 32). While OPM's conclusion is right—that the Court lacks subject-matter jurisdiction to hear this case—OPM is right for the wrong reasons.

In general, 5 U.S.C. § 7703 governs judicial review of MSPB decisions. While Section 7703 broadly applies to grant judicial review to "any employee or applicant for employment adversely affected or aggrieved by a final order" of MSPB, *see id.* § 7703(a)(1), the statute imposes different requirements to complainants based upon the complaint's underlying subject matter. *Compare id.* § (b)(1)(A) *with id.* § (b)(2). In general, a complainant's appeal of an MSPB decision is filed directly to the Court of Appeals for the Federal Circuit. *Id.* § 7703(b)(1); *Williams v. Wynne*, 533 F.3d 360, 373 n.12 (5th Cir. 2008) ("Typically, appeals of MSPB decisions are heard by the Federal Circuit."). But as an exception to the general rule, if the MSPB addressed a complainant's discrimination claims, a complainant must first file their petition in federal district court. *See* 5 U.S.C. § 7703(b)(2). In this case, the Court of Appeals for the Federal Circuit has already

4

instructed this Court that subsection (b)(2) applies to Manuel's petition. *See Manuel v. Off. of Pers. Mgmt.*, No. 2022-1944, 2022 WL 4459925 (Fed. Cir. Sept. 26, 2022) (per curiam) (holding that this case was improperly filed directly to the court of appeals because, under 5 U.S.C. § 7703(b)(2), the proper forum is district court); (*see also* Dkt. No. 15). Thus, subsection (b)(2) applies.

Under 5 U.S.C. § 7703(b)(2), a complainant has 30 days after he receives notice of MSPB's final decision to file an appeal in district court. In Congress's words:

> Cases of discrimination subject to the provisions of section 7702 of this title shall be filed under section 717(c) of the Civil Rights Act of 1964 (42 U.S.C. 2000e–16(c)), section 15(c) of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 633a(c)), and section 16(b) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. 216(b)), as applicable. Notwithstanding any other provision of law, any such case filed under any such section must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action under such section 7702.

*Id.* Here, Manuel's appeal is untimely. MSPB issued its final decision on April 15, 2022. (*See* Dkt. No. 1-1 at 2). Manuel states in her petition that MSPB's order was "entered" on April 15, 2022, and that she "received" notice of its decision three days later—April 18, 2022. (*Id.* at 1). The Court of Appeals for the Federal Circuit received Manuel's appeal on June 15, 2022. (*Id.* at 1, 2). Thus, there was a 58-day gap between when Manuel received notice of MSPB's decision and her appeal to a federal court, which is well past Congress's 30-day limitation. *See also Taylor v. Tisch*, 686 F. Supp. 304, 307 (S.D. Fla. 1988)

5

(dismissing complainant's MSPB appeal filed 3 days after subsection (b)(2)'s 30-day deadline). Therefore, the Court dismisses Manuel's petition for lack of jurisdiction.[2]

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Office of Personnel Management's Motion for Summary Judgment, (Dkt. No. 31). Defendant Office of Personnel Management is entitled to **JUDGMENT AS A MATTER OF LAW** on Plaintiff Jaquelin R. Manuel's claims, (Dkt. Nos. 1, 11, 15). As a result, Plaintiff Jaquelin R. Manuel's petition is **DISMISSED WITHOUT PREJUDICE**,[3] (Dkt. Nos. 1, 11). And the Clerk of the Court is **DIRECTED** to **CLOSE** this case.

It is SO ORDERED.

Signed on September 27, 2023.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**

---

[2] To avoid jurisdictional dismissal, Manuel could have raised the defense of equitable tolling. Generally speaking, equitable tolling is a "doctrine that turns on the facts and circumstances of a particular case." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Because Manuel didn't brief any equitable tolling arguments to this Court, (see Dkt. No. 32), the Court isn't privy to any of "the facts and circumstances" of Manuel's case. *Fisher*, 174 F.3d at 713. Therefore, the Court cannot engage in an equitable tolling analysis.

Even if the Court had access to facts underlying Manuel's equitable tolling argument, courts in this district agree that equitable tolling is not a viable defense to an untimely filing under 5 U.S.C. § 7703(b)(2). *Eiler v. U.S. Post Off.*, No. 6:08-CV-054, 2009 WL 10705390, at *2 (N.D. Tex. Apr. 23, 2009) (discussing conflicting authority).

[3] Claims dismissed for lack of subject matter jurisdiction are dismissed without prejudice. *See Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020).