United States District Court
Southern District of Texas
**ENTERED**
September 14, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Jaqueline Manuel, | § | |
| *Plaintiff*, | § | |
| v. | § | Civil Action No. 4:22-cv-03330 |
| Office of Personnel Management, | § | |
| *Defendant*. | § | |

## MEMORANDUM, RECOMMENDATION, AND ORDER

Two motions are pending. As explained below, the undersigned denies the first motion and recommends that the second be denied.

Two weeks after this Court denied Plaintiff Jacqueline Manuel's request to appoint counsel for appeal, *see* Dkt. 56 (denying Dkt. 54), Plaintiff filed a second motion requesting the same relief, Dkt. 57. There is no reason to revisit the Court's earlier conclusion. As the Court explained, this is not an exceptional case where counsel should be appointed because the law forbids Plaintiff's attempt to reopen a case that was closed two years ago. *See* Dkt. 56 at 2-3. Plaintiff's latest submission alters nothing. Her renewed request for counsel is therefore denied.

Separately, Plaintiff filed a motion requesting leave to appeal *in forma pauperis* ("IFP"). Dkt. 58. But for related reasons, she has not shown entitlement to that relief.

Plaintiff's IFP motion implicates 28 U.S.C. § 1915 and Rule 24(a) of the Federal Rules of Appellate Procedure. Section 1915 permits a district court to authorize an appeal "without prepayment of fees or security therefore" if the applicant shows, by affidavit, that she "is unable to pay such fees" or provide such security. *See* 28 U.S.C. § 1915(a)(1). Plaintiff's affidavit reflects that she lacks the financial resources to pay the fees. *See* Dkt. 58 at 2, 5. Nevertheless, Rule 24 authorizes a district court to deny certification of IFP status if it concludes that "the appeal is not taken in good faith ...." Fed. R. App. P. 24(a)(4)(B). Good faith requires a non-frivolous basis for the appeal. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal that lacks an arguable basis in fact or law is deemed to be frivolous. *See Howard v. King*, 707 F.2d 215, 219 (5th Cir. 1983).

Plaintiff has not met the good faith requirement. As the Court ruled, settled law bars Plaintiff's attempt to reopen a final judgment so long after-the-fact, regardless of whether she believes that the judgment was wrongly decided. *See* Dkt. 43 at 2 (citing, *inter alia*, *Carter v. Dolce*, 741 F.2d 758, 759-60 (5th Cir. 1984), which rejected use of Fed. R. Civ. P. 60(b) to "relitigate issues finally determined"), *adopted by* Dkt. 45; *see also* Dkt. 50 (denying

reconsideration of same conclusion, adopting Dkt. 48). Because Plaintiff had no arguable legal basis for seeking to reopen this case, this Court should deny her IFP request.

**Order and Recommendation**

For the foregoing reasons, it is **ORDERED** that Plaintiff Jacquline Manuel's (second) motion for appointment of counsel (Dkt. 57) is **DENIED**.

It is further **RECOMMENDED** that Plaintiff's motion to proceed IFP on appeal (Dkt. 58) be **DENIED**.

**Plaintiff is further cautioned that any further motions seeking the same relief that this Court has denied will be summarily stricken.**

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error. *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).**

Signed on September 14, 2026, at Houston, Texas.

Yvonne Y. Ho
United States Magistrate Judge